# SUPREME COURT.

## JOHN C. LATTIN agt. MICHAEL McCARTY and others.

Every complaint considered as a single count should present a single cause of action. If a plaintiff has different causes of action which may be joined, they must be presented as in separate counts, each of which must be good of itself, and stand by itself, and be separately stated.

A demurrer will lie for *multifariousness* in a complaint. But where several causes of action, which may be joined, are set out in a complaint without being separately stated, the remedy is by *motion* and not by demurrer. Duplicity, in such cases, not being a ground of demurrer.

A demurrer is the proper remedy where several causes of action have been improperly joined.

Two causes of action cannot be joined in the same complaint, where one of them would have been *ejectment* under the former names of actions, and the other a *suit in equity*, and the complaint asking both legal and equitable relief.

The legislature, by the passage of section 167 of the Code, never intended to turn civil actions into hotchpotch, or to bring all kinds of controversies between parties into a single suit.

*December General Term*, 1858.

*Present*, WELLES, SMITH *and* JOHNSON, *Justices*.

APPEAL from judgment at special term, ordered upon motion for the frivolousness of the demurrer to the complaint.

The facts sufficiently appear in the opinion.

W. T. WORDEN, *for appellant*.
JAMES R. COX, *for respondent*.

By the court—E. DARWIN SMITH, Justice. Whether the demurrer in this case is well or ill taken, depends upon the question whether the case presents a single cause of action, or two independent and irrelevant causes of action. A demurrer will lie for multifariousness in a complaint. (*Stannard* agt. *Mattice*, 7 *How.* 4; *Maxwell* agt. *Farnam, id.* 236; *Getty* agt. *Hudson River Railroad Co.* 8 *id.* 177.)

Every complaint, considered as a single count, should present a single cause of action. If a plaintiff has different causes of action, which may be joined, they must be presented as in separate counts, each of which must be good of itself, and stand by itself, and be separately stated. (*Section* 167 *of Code.*)

If several causes of action, which may be joined, are set out in a complaint without being separately stated, the remedy is by *motion* and not by demurrer. Duplicity, in such cases, not being a ground of demurrer. (*Welles* agt. *Webster*, 9 *How.* 253; *Gooding* agt. *McAllister, id.* 123; *Moore* agt. *Smith*, 10 *How.* 361.)

But the Code (*section* 144, *subdivision* 5) gives the right to demur when "several causes of action have been improperly joined."

This is one of the grounds of demurrer specified in this case. The claim of the defendant's counsel is, that two causes of action, one of which would have been ejectment, under the former names of actions, and one a suit in equity, are united in the same complaint. If this be so, I do not see why the demurrer is not well taken. A party has a right to state his case, and ask for such relief as he thinks he is entitled to, and if he states a single cause of action, and is entitled to relief, I think it the duty of the court to give appropriate relief. I do not think a party, having a good cause of action, is to be turned out of court for any mistake in the summons, or in his prayer for relief. Both may be amended, if need be, in furtherance of justice, and to give effect to the real rights of the parties.

But legal and equitable rights and remedies are substantially different. The one presents an issue for trial by a jury, at the circuit; the other, issues to be tried by the court at

Lattin agt. McCarty.

special term. One seeks damages, the other relief in *rem*. One asks a general verdict of a jury, the other a decree appropriate to the particular facts of the case. A complaint, asking for legal and equitable relief, presents a case requiring different modes and places of trial. But notwithstanding this intrinsic discordancy between legal and equitable remedies, the legislature has determined that legal and equitable causes of action may be joined in certain cases.

Section 167 provides that " the plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal and equitable or both, when they all arise out of the same transaction or transactions connected with the subject of the action."

I do not think the legislature intended by this section to turn civil actions into hotchpotch, or that they designed to bring all kinds of controversies between parties into a single suit. I doubt whether anything more was really intended by this portion of the section, than to require the courts to give complete relief to a party upon his whole case, stating a single transaction, whether such relief was in whole or in part in the nature of a legal or equitable right.

But if anything more was intended, as the right to unite the two causes of action is made to depend upon their arising out of the same transaction or transactions connected with the subject of the action, it will be sufficient to give effect to the statute, in cases where a legal and equitable cause of action are found distinctly and independently to arise out of the same transaction, that they be separately and concurrently enforced. Such cases may possibly arise where a party may be entitled to legal redress and equitable relief, upon the same contract or growing out of the same transaction, and where perhaps a court of equity could not give complete relief in a single action.

But I can hardly imagine a case of this kind, where a court of equity, having original jurisdiction, may not retain it to give full and complete relief, independently of this provision of the statute. In this case, the plaintiff sets out, in the first four folios of his complaint, a complete legal title to the premises

Lattin agt. McCarty.

in question, and this part of the complaint concludes as follows: " And the plaintiff is now and since the 6th day of September, 1856, has been lawfully and equitably entitled to the possession of the said premises, and the owner thereof in *fee simple*, and the said Michael McCarty, well knowing the same, wrongfully withholds the possession thereof from the plaintiff."

This is a distinct allegation that the plaintiff is " *the owner of the premises in fee simple*," and " is *equitably* and *lawfully entitled to the possession*," and that the defendant " wrongfully withholds the possession." Here is a complete and distinct legal cause of action alleged. The complaint then commences the statement of a new cause of action, as follows : " And the plaintiff further says, &c."

The complaint then goes on, sets out a case for equitable relief, entitling the plaintiff to a conveyance of the premises from the defendant McCarty, and an injunction to quiet his title, &c., a cause of action entirely inconsistent with the former one. The complaint asks for both legal and equitable relief, and the judgment entered up follows the complaint, and gives both legal and equitable relief.

It seems to me, that this is not admissible, that a party cannot blend in his complaint legal and equitable claims in this way, and have double and inconsistent relief in the same action. Such a mode of proceeding destroys all order and congruity in legal proceedings. (*Smith* agt. *Hallock*, 8 *How.* 73 ; *Sweet* agt. *Ingerson*, 12 *How.* 331.)

Primarily, the plaintiff needs, and is entitled, upon this complaint, to equitable relief. When that has been obtained, he can then maintain his ejectment or action to recover possession of the premises, with damages for the withholding the same, with the rents and profits. But he must first get title, and he cannot, in my opinion, accomplish the object, if two suits in one, in the way proposed. Possibly, upon a complaint properly framed, he may have complete relief in one suit.

I think the order should be reversed, and the judgment set aside.

WELLES, Justice, concurred.*
JOHNSON, Justice, dissented.

NOTE.—This case is not in conflict with *Phillips* agt. *Gorham*, 17 *N. Y. R.* 270, or *Laub* agt. *Buckmiller, id.* 620; but concurs rather with the views of SELDEN, J., in *Voorhees* agt. *Child's executors, id.* 358, and of COMSTOCK, J., in *New-York and New-Haven Railroad Company* agt. *Schuyler, id.* 604.